Larry Nelson, Nelson Multimedia, et al. v. Kendall County, and Eric Weiss, in his official capacity as Kendall County State's Attorney, his Intervention in Defense. On behalf of the Avalon, Mr. Grant Wagner, on behalf of Kendall County and Eric Weiss, himself representing this State's Attorney's Affiliate, and Scott Jacobson, representing Kendall County Affiliate. Okay. Mr. Wagner. Good morning. My name is Grant Wagner, and with me is Pete Grometer, who is Mahoney-Silverman Cross, who represented the plaintiffs in this case. The issue in this case is extremely narrow. What we're talking about is a trial court who indicated that, based upon the fact that Section 19 of the Judicial Article of the Illinois Constitution includes language for the State's Attorneys about the selection and salaries, that based on that inclusion, that they would not be subject to FOIA, just like judges are not subject to FOIA. To maintain that ruling, however, would be to suggest that the State's Attorneys cannot be members of the Executive Branch, because we know under FOIA, the Executive Branch is subject to FOIA. And when we look at the case law that addresses this particular issue, there are a lot of cases, a number of cases, that indicate that the State's Attorneys are members of the Executive Branch. Shouldn't we go back, though, and I don't mean to interrupt your argument, but I know that there is, there are cases, but shouldn't we start with how they got to be in this article? Isn't there, shouldn't we look at the reason why they're in the article? The State's Attorneys? Yes, that creates this problem that we're talking about. I think there's some value in that, because clearly, when you look at the Section 19, it was developed for salaries and selection purposes only, just like the clerks. They have some limited issues that are addressed in that section, but... But why are State's Attorneys in the Judicial Article? My understanding is that there was clearly an issue whether they should be State employees or County employees, and the goal being, we see these other cases to talk about, let's move them away from the County so we don't end up in anything other than the Court of Claims for the direction, as it may result, for their lawsuits. And I think that was really the main reason. Well, there was a chance in 1970 to change that, and apparently... They chose not to. They chose not to, notwithstanding this policy that you're talking about. I agree. And the Supreme Court has indicated that, as it relates to selection and salaries, clearly they're within the Judicial Article of the Constitution. It's when we get into these other areas that we look at the other cases that tell us that the State's Attorneys are not covered by the Judicial Article or Section 19. And when we look at the Second District and the First District, actually with FOIA cases, address this very issue. The Newman v. Brown case out of the First District, we had a Circuit Clerk who was being asked with respect to some FOIA disclosure to disclose material, and the Court in that case held that, in light of the fact that the Circuit Clerk was not answerable to the Chief Judge and was not controlled by the Chief Judge, that they were nonjudicial members of the Judiciary, and as a result, not subject to FOIA. We saw the Second District then address the situation with respect to court services, pretrial agencies, where the situation was such that there was a FOIA with respect to electronic home monitoring, and the Second District took the approach that they, likewise, the court services or pretrial agencies, is a nonjudicial member of the Judiciary, because, again, they talk about accountability or answerability to the Chief Judge, and they talk about being clearly a judicial function. So we have the situation, not only do we have the State's attorneys included within the Constitution, but the law also talks that we need to examine the relationship between the entities seeking this nonjudicial membership as well as the Judiciary. And so when we take what we've learned from Copley and what we've learned from the Newman v. Brown case, the first thing we can look at is, in fact, the State's attorney accountable or answerable to the Chief Judge? And the answer is absolutely not. When you look at the comparison we have before us as it relates to clerks, for instance, the circuit clerks or the reviewing clerks, we know that the Constitution, the reviewing clerks are actually appointed by the court. We don't have that similar provision with respect to State's attorneys. We know that when you look at the statutory obligations of the clerk at the trial level, that we have the annual inspection by the Judiciary. We have direction under the statute that there should be, if necessary, direction given to the clerk by the Judiciary. And it is very clear that the clerks maintain the records for the trial court, for the reviewing court, so there has to be this very strong relationship. Then we look at the court services. Court services, their function is for the sentencing courts in particular and the pre-trial matters and the pre-sentence investigation and the post-trial matters. We also have, if you have a circuit that has general detention or diagnostic centers, they're accountable to the Chief Judge as well. So we have those two agencies or entities, it's very clear, are accountable to the Chief Judge. State's attorneys are entirely different ballgame. When you look at their statutory duties, certainly they're there to prosecute the criminal, the felony, and civil matters that may come up. They're there to represent the county, the county officials. And so it's clear that their role is not accountable, it can't be accountable to the Chief Judges. Mr. Wegener, you indicated in your call to conclusion, I assume it's a prayer, a plaintiff requests that the orders entered by the trial court training in the 2619 motion to dismiss be reversed and the matter be returned to the trial court for further proceedings. Could you tell me what the further proceedings are that you're contemplating? In camera. I think that at a minimum what should have happened is it should have been in camera, all the material was not turned over. And that's all I can ask for at this point in time. Well, isn't the first lawsuit moot because there already have been emails turned over by the state's attorney? Except for the fact that, again, there likewise we should have seen an in camera review of what was not turned over. And I agree, I'm not here, my issue clearly is not with the county as it relates to who should turn over the material. That's not before the court in terms of whether it should be the county servers or the state attorney. I'm firmly convinced that it's the state's attorney that ought to be required to do that. And in that first lawsuit, the court made a finding that the same finding they did in the second lawsuit that talked about the role of the state's attorney not being obligated to comply with FOIA because they're a non-judicial member of the judiciary. So that's the only reason that matters before that case. Do you disagree with the Attorney General's letter that some of the things you are requesting would be exempt? No, not a bit. I don't disagree with that at all. All right. But you still want somebody to look at that to make sure they are. Right. And again, I know Mr. Weiss has turned over a lot of documents and a lot of entries in his emails. And I don't take issue with that. My issue is that there shouldn't have been any in camera. We shouldn't have cut it off at the point of saying state's attorneys are non-judicial members of the judiciary. The other side of this, the second part, was it clearly the state's attorney performing a judicial function? And absolutely not. If you look at the Constitution, the Constitution makes it clear that the Supreme Court, the Appellate Court, and the Trial Court are vested with the judicial power. When we look at definitions of judicial power, we understand that it's the resolution of citizens' rights based on the law. But if we have a constitutional provision, why should we apply and use this functional test? I think that, even in England, Winston is an interesting case for all of us. And Engelson made it very clear that they would consider the functional test. They chose not to consider the functional test in the Engelson case because it was a salary issue. And they felt salary, it's covered by the Constitution. Right, exactly. However, FOIA is not covered by the Constitution. This is an entirely different ballgame. And so I think that when we look at the FOIA, the statute that creates FOIA, I think that we take it outside of that because the Constitution, Section 19, was simply related to salary and selections. And as I read Engelson, you know, they referred to the functional test and it became clear to me, I believe, that if it was something other than salaries, that they would consider the functional test because they made it very clear in Engelson that that decision was based on the compensation salary issue. So I believe that, under those circumstances, we have Engelson that really clarifies what should go under the Constitution. And we also have the Copley case that addressed the FOIA and the pretrial services or court services outside the Constitution. And so I think we have an obligation, the courts have an obligation to look at the Constitution. There's no question about that. That's the first place to look. And Engelson felt very comfortable saying we don't need to go any further. But they talk about the function test and I believe that other cases have come along that talk about the function test and it became clear, it becomes clear, that state's terms are clearly not part of the function. And there's another part of this too and that's, you know, if this ruling were to stand, we have some significant unintended consequences where what could happen is you might have a Chief Judge and a State's Attorney that don't necessarily get along. And a Chief Judge could go to the State's Attorney and say, you're accountable to me. You're answerable to me. Which can create some significant problems because they shouldn't be. Again, entirely different roles. But now if this were not to stand, we have some significant policy issues, don't we? There is no time limit on the FOIA, within the FOIA Act, in terms of how far back someone can go to request material. We have how many thousands of people in the Department of Corrections at this time who could then start filing the FOIA requests. We have a county, let's say, like Livingston County, that has four people in their State's Attorney's Office. So my question to you is what are the public policy considerations for not letting? I agree. It's very laborious. And I understand we have some pen writers out of the Department of Corrections and we see a lot of those kinds of things. But understand that public policy talks about transparency. And the State's Attorney has public records that fit within the description of public records. And this is the policy, the legislative policy that we're here to examine. And I believe, as burdensome as it is, and I agree it's burdensome, but there's still the obligation on behalf of the State's Attorney, the Attorney Generals, or various other agencies to in fact go through that, even though it increases budgets and everything else. May I have one other quick question? Hopefully a short one. You are asking for attorney fees if you prevail. Is that correct, as I read the request? What would the source of those funds be? I would tell you that, quite frankly, I would waive those fees. That's not going to be my issue. It's not something I've discussed with a client, but I think that based on earlier discussions, he would be in agreement that because it's tax dollars and our client is intricately involved in the county in various other ways, so for purposes of our discussions, I feel very comfortable in saying that we would not pursue attorney fees. All right. In this particular instance, but in a broader sense. Those are provided for, I think, in the Act specifically, and so... I think in that sense, Justice, I think it really comes down to if you have a situation where the State's Attorney goes through the material and says this column, we're turning it over and this column is exempt, and we find that we may have some issues on the exempt, we don't know to what degree it is, and we go to the court, then they do an encammer, that's the end of it. I don't, you know, we shouldn't have some significant arguments or fights over the issues. I mean, that's what the encammer is there to really solve, I think, and prevent. Thank you. So, we do have some other arguments to talk about that I can touch on, the violation of separation of powers, which I believe... Does the legislature have the authority to force the judiciary to comply with FOIA as a violation of separation? I don't think they could. I don't, I think the only thing that we do is we go to the courts and ask that they do it, and whatever they do, they do, and then we work up through the system with the appellate system. But I don't think that unless they, unless they created under the statute some type of different format that the lawyers were required to follow, I suppose in that sense they could, but to tell a judgment, I don't think anybody could tell a judgment. Well, I guess the ancillary question would be, is the judiciary exempt because it's unconstitutional to include them, or were they exempt based upon policy? They were exempt under the law based upon the fact that they were included in the description of public bodies, and then the cases took that to the extent of saying that in light of the fact that the judiciary was not included as a public body, then they're not going to be required to disclose. I don't know if you're familiar with Senate Bill 2222 that was introduced on February 15th of this year, that would amend the definition of public body to exclude any entity created pursuant to Article VI. Which is an interesting concept. Pardon? I'm sorry, which is an interesting concept because it addresses sort of what we're talking about here today. Well, absolutely. And I guess my question to you is, what, if anything, does that say about how the statute is currently interpreted, or does it? Well, I think if there's any value in it, and I'm not saying that there's value in it, because that Senate bill talked about created under some nebulous language in it. I believe that under the circumstances, that Senate bill really would cut more toward our argument, where if somebody feels there's confusion whether state attorneys are included as non-judicial members or not. But I know that case got, or that bill went off to assignment, and I don't know that it's gone any further than that. But I guess it's gone back and forth. It was in judiciary, and then it was sent back to assignment, and so we don't know yet, but there's been some publicity about it. And there's something to say for that. I mean, that's an argument you made, but I like the fact that that's out there, because so many questions, whether state attorneys ought to be non-judicial members or not, but I think there's so much else here that I think that, you know, we've got the Supreme Court saying that they're executive members. And how can you be an executive member and not be required to turn over disclosed information? Well, if you have a very broad definition of judicial, I mean, it can, I guess that's one answer. Is it reasonable to argue that regardless of where the authorizing language is in the I think it's very clear with a lot of cases that, especially in the prosecutorial role, they have to be part of the executive branch. And a lot of cases say that. Now, the Inkerman's case, their language was interesting. It says, it is a familiar and firmly established principle that the state attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of internal prosecutions. Another, Daley v. Suri, it talks about the state attorney's office as part of the executive branch of government, and their offices exercise the executive powers. Any other questions? Thank you. I have an opportunity to make rebuttal. Thank you. Good morning. Good morning, Your Honor. Good morning. As a residing justice, may it please the court. Scott Jacobson on behalf of Kendall County Board. The only, as I see it, our suit is, or at least the case that was brought in involving the county board before this court is moved, plaintiffs aren't making any substantive argument with respect to the 2010 case. All of their arguments concern the state's attorney's office in the 2010 case and the state's attorney's office in the 2011 case. To the extent that the appellants just said that they were asking for in-camera inspection or that the county board ruling might in some way be infirmed, back in the 2010 case, Judge Buehler clearly ordered, clearly issued two separate orders with respect to both the board's and the state's attorney's office's 2619 motions. So, to the extent that plaintiffs are making that request, this is the first time that they've made it and was here at oral argument. Quite simply, there is no issue with respect to the county board. It sounds like you're making an argument that we're being asked to make an advisory opinion. Am I misreading what you're saying? No, I think you're absolutely correct. I think that's, to the extent that plaintiffs never raised that issue in their opening brief and they only conceded that the 2010 suit against the board was moot in the reply brief, it was sort of an odd, we were in an odd position briefing-wise because our position has always been that the suit involving the board is moot, and it was unclear to what extent the plaintiffs were bringing that issue in front of this court. I think that issue has now been given sharp relief, given the last sentence of the plaintiff's reply brief, that there is no issue with the board anymore. So, accordingly, we would ask this court to affirm the judgment of the circuit court granting the board's 2619 motion. So, are you a member of the executive branch or the judicial branch? I would say that I am a member of the executive branch insofar as I work for the State's Attorney's Appellate Prosecutor, which is a separate agency. However, as an elected State's Attorney, if I were an elected State's Attorney... Turn this way when you talk. If I were an elected State's Attorney, I think it would be a different matter. I think also if you survey the way State's Attorneys are set out in the Illinois Constitution versus the way District Attorneys are set out in other State's Constitutions, you will see that State's Attorneys clearly have greater power, especially with respect to the Attorney General or to the management of their own prosecutions, and that is uniquely a feature of Illinois government. If the legislature or the General Assembly wanted it to be different, I think they would have said so. Are there no further questions? Thank you, Your Honors. We would ask that you affirm the judgment of the circuit court in the 2010 case. That's your shortest argument that I haven't experienced in this court ever. It's been a pleasure. Mr. Weiss? Good morning. Good morning. My name is Eric Weiss and I am the State's Attorney for Kendall County. As counsel has indicated, the sole issue is not where we fall in the Constitution as it relates to powers that we perform, the issues that we do, things that we do in our daily lives as State's Attorneys. The issue solely is, is the State's Attorney's Office a public body as defined by FOIA? Could you repeat that? I didn't hear you. Sure. Is the State's Attorney's Office a public body as defined in FOIA? The FOIA statute creates a list. I thought you were originally arguing that you were a member of the judiciary and now you're arguing, which is, I'm arguing an exemption. And now you're arguing not an exemption, but that the act doesn't apply to you. We're arguing that a strict reading of the statute shows that there are four members that FOIA applies to. The legislative body, the executive body, the administrative bodies, and advisory bodies. It specifically excludes the judiciary and the judicial article. And I thought originally the trial court's finding was that you were not required to be a member of the judicial branch. That's correct. And now you're arguing something that I'm aware of because I took this similar position, which is, it's one thing to be exempt from an act, it's another thing to have the act not apply to you because you don't fit into any of the definitions, let alone the definition of an exemption. I think we would apply justice in both cases. It would apply to the State's Attorney's Office. The State's Attorney's Office is in a unique spot in Illinois. It's unique in its location in the Constitution. It's unique in its powers compared to the Attorney General's Office or the Department of Justice. It's unique as it relates to municipal prosecutors. And a question was asked earlier, why was the State's Attorney's Office put specifically in the judicial article of the Constitution? And I think that's a question that will haunt us for now until eternity. Why would they put us there? What role do we serve? And I wasn't alive back then. I don't know. I'm looking at the history. And I won't comment on. Yeah, I was an associate judge back then. And the answer is difficult to decide. And it's not something the court has to decide in this case of why are we there. What we have to look at is, is where are we? We are listed in our, as counsel has indicated, we're listed in Article VI, Section 19 of the judicial article. We know that the clerks of the court, the circuit clerks of the court, are listed in Section 18. And as counsel pointed out, the Newman v. Brown case found that the circuit clerks are non-judicial members of the judiciary. It didn't look at who they report to and what their functions are. It solely looked at where are they at in the Constitution. And that's all this court has to do in this case. It doesn't have to create a function test that it did with pretrial services because pretrial services isn't listed anywhere in the Constitution. It had to determine the functionality test because it had to figure out, well, they're not judges, they're not circuit clerks, they're not attorney generals, they're not the governor. We can't look to the Constitution to decide where they're at. We need to look at a functionality test. Well, Copley had to make a decision first that the judicial branch was not covered. Correct. And so that was, that was really the heart of, of Copley. That one, Justice McClaren was here for, as was I. Yes. And then we went to the circuit clerk issue, which is very different, I think, than where we are here. Right. And, and, and solely for purposes of FOIA, if the General Assembly, who obviously creates the laws that we, we follow, if they had decided that the state's attorney, and we've been in the Constitution under the judicial article prior to the time FOIA has been recently amended and all the amendments of FOIA and the creation of FOIA. If they wanted the state's attorney's office to be subject to FOIA, they could have done that. They could have said, if you're a member of the executive branch, the judicial branch, the administrative body, or if you're a member of the state's attorney's office, you are subject to FOIA. They have not done that. And I, the courts over the years have taken the stance, and they're rightfully so, that their job is not to construct or add to a statute. It should be a strict reading of the Amundson case. It does that, and there was a quote from the Amundson case that I thought was, sort of addresses the issue that I'm sure you as justices are, are looking at is, the problem with the Director's argument, who was the one that was being asked to pay the money from, from Mr. Amundson. The Director's argument is that it requires us to reject the clear language and structure of the Constitution in favor of a structure of government which the Director believes is more, quote, proper and realistic, end quote, i.e. putting us in the executive branch, which seems to make sense from a logical standpoint. However, the court wrote, such a rewriting or ignoring of the language of the Constitution by this court would, of course, be improper. And, and that's what we're looking at. It's a very simple issue of where do we fall, what does that categorize us as, and does then FOIA apply to us? It's not a public policy argument. This is not an issue of transparency or, or openness of government. Because if that was the case, FOIA would apply to everybody. And I know that the court asked counsel that question is, could they require the judiciary to do so? I believe that they could, whether it would be constitutional or not, obviously the court would ultimately make the decision, but they could because they can make the legislature do it, they can make the executive branch do it, they can make administrative bodies do it, they can make advisory bodies do it. And if it was simply a question of openness of government, the circuit clerks would be, anything that they have to do with their employees, court services, judges, appellate justice, anybody would be subject to FOIA and there'd be no exemptions. Obviously, there are exemptions. Counsel, by your responses, not only as some of the exhibits indicate, but then as the turnover indicates, some turnover, have you waived your position? I don't believe we have, Justice. First of all, I believe this issue will continue to come forward, so I don't believe it's an argument as it relates to you. Well, others will learn not to do what you did, and then it won't be an issue. But I mean, you don't think those particular actions constitute a waiver? I don't. First of all, there are some records that we have still, that we have not turned over, period, because we believe under the attorney-client privilege and other exemptions, we cannot turn those over. As an elected official, you have to make those tough calls. You're asked, and the county is ultimately asked to provide FOIA information. Originally, the information came to the state's attorney's office, and we denied most of their requests. Then they turned around and they filed their FOIA requests, not with the state's attorney's office, but with the county board, in essence, with the county of Kendall and administrative services, to sort of backdoor and get the records through. Well, they're on a county server, and therefore, they're not the state's attorney's records. They're not even your records, Mr. State's Attorney. They're the county's records. It appears that counsel has now abandoned that argument at this point, that they truly are the state's attorney's records. But when you have that, and we know that there are attorney fees and just a public policy argument, you have a tough call sometimes to make. And what you believe in, what you can try to avoid in litigation by turning over records that you turn over whether you're required to do or not, judges can turn over records whether they're required to or not. You were talking about policy arguments. Yes, sir. And it seems that policy is not really something that we should be involved in. I think we either should determine whether or not you are exempt or whether or not you fall within the definition. And if you fall within the definition, we can't make an exception and say it. But because of these policies, even though you're a member of the definition or fit within the definition of public body, we don't go any further than what are the policy reasons and why should we or why should we not enforce this against you? Do you see the point? I do. I do. And I agree. You know, it really is not those other issues. It's not. It's a very simple, I think counsel and I both agree, it's a very simple question. It has large consequences, but it's a very simple question. Where do we fall for purposes of FOIA only? We don't have to get into the separation of powers of do we report to a chief judge or the presiding judge or a judge in general estate's terms, which obviously we do not. We do not have to get into the issue of does a chief judge can come in and decide cases and obviously the Supreme Court cases about a judge telling the state attorney what to charge or how to find someone guilty of a certain offense under those cases of Shuri and Daly versus Morgan, obviously we serve in separate roles. Well, did the trial court make a finding that you were exempt or did the trial court make a finding that you were not a public body? It made a finding that we were a member of, a non-judicial member of the judicial branch and therefore not subject to FOIA. And did you make the argument that the act doesn't apply to you under any circumstance? No. So this is essentially the first time on appeal? As far as, I'm sorry, that we made this argument the first time on appeal? No. We made the argument that the state's attorney's office is a non-judicial member of the judicial article and therefore not subject to FOIA. And maybe I'm not understanding the question. I'm sorry. It seems to me that the argument you're making or emphasizing, stressing, is that it's not, even if we weren't a member or even if you weren't a member of the judicial branch, you don't come within the purview of the act because you're not a public body. No. I am not making that argument. I'm sorry. I'm sorry. I misunderstood. I'm sorry. And I apologize to the court. We are not a public body for purposes of FOIA because a public body is defined as one of those four categories, legislative, executive, administrative, or advisory. Because we are in the judicial article, we are non-judicial members of the judiciary, judicial branch, and therefore we're not subject to FOIA. We wouldn't fit in the definition of public body for that. Therefore, we can't be subject to FOIA under that statute. So you're saying we don't look at the function at all. And we don't say that the function, that the state's attorney has an executive-type function and therefore it's analogous to and should fall within the executive category. No. And I think the Ingebrigtsen case is clear on that. We don't need to look at a functionality test because the Constitution gives you the direction. If the Constitution wasn't there, and I think the Ingebrigtsen case talks about it, we look at the history and tradition, and here we are specifically listed. And we're listed nowhere else in the Constitution. If you look at the executive branch, the legislative branch, even the local government branch of the Constitution, we are listed nowhere. And we are very similar situated to the circuit clerks as non-judicial members. Actually, they have more ties to the county than even the state's attorney's office does. Our salary is not set by the county board. The circuit clerk's salary is set by the county board. They're even more analogous to a little bit more control over someone other than a judge or, in fact, they are elected officials, but they are separate. But the court never looked at the functionality about where they should fall. Should they be like a treasurer and be in the local government section and therefore be subject to FOIA? Or what records they contain. They just looked at where are they at in the Constitution. They're in the judiciary. They're not anywhere else. Based on the way the law is written, they are not subject to FOIA. And the solution to the problem is if the legislator wants to change that law, they can change it. They can include or attempt to include the state's attorney's office at that point if that's what the General Assembly wants to do. That's what should happen if they want to do that. But a strict reading of the Constitution, a strict reading of FOIA, puts us outside that purview. Copley and the Brown case in Cook County used the term non-judicial officers. Yes. Do you have, by virtue of your placement in the judicial article, do you have to be considered a non-judicial officer or can your status be decided based upon mere placement? I mean, is that what you're saying? You're there, therefore you're exempt. In essence, yes. Do you think you're a non-judicial officer? I think we'd have to. We're obviously not judges, so obviously there has to be that role separation between the two of us. We can't obviously file criminal cases and then adjudicate those cases in return. That would obviously be a separation of powers argument and they wouldn't be able to do so. But for purposes of FOIA, just as with compensation, I think you can make that distinction and say that we are, in fact, non-judicial officers. And again, it doesn't have to be a broad-reaching finding by this court to put us in that situation. If we didn't call you a non-judicial officer, although Judge Buick did, wouldn't that solve some of Mr. Wagner's problems that, you know, if on the unusual circumstance that a state's attorney and a chief judge don't agree, and I'm not so sure that's an unusual circumstance, but the judge could say, you belong to me, you have to do it, couldn't we avoid that problem that he's identified by not calling you a non-judicial officer? You could, and I don't want to use semantics as the definition to decide between the two of them. You know, FOIA doesn't make that distinction. It doesn't say what role in the judiciary you play, just whether you're a judicial body or not. I don't think that situation would actually apply by saying you're a non-judicial member of the judiciary, therefore a judge has control over you, even though you're listed in the Constitution on all items and all issues. A judge does not have complete control over an elected circuit clerk. It has some duties that they have to work together with, but they don't have complete control as they would with pretrial services, different scenario, but there's always going to be that separation. The attorney general is clearly an executive. Correct, clearly listed in the executive branch of government under the Constitution, and I know that that's been an argument that we are very similar, and in our duties, we are very similar. I would be disingenuous if I would argue that we're not similar in the duties that we perform between an attorney general and a state's attorney. However, the purpose of FOIA, we are treated separately because of where we are located, and there's no case out there yet. This is the first one. May I finish to answer that question? You may close. All right, thank you. Apparently there are no other questions, correct? Yes, please close. All right, thank you. The state's attorney's office is not a public body as set forth under FOIA, as it was created under the judicial article of the Constitution, and therefore, the court should affirm both cases and dismiss all those cases. Thank you. Thank you. Mr. Wagner, when is a door not a door? I'm sorry? When is a door not a door? When it's a jar. That's what this case is all about. I've been listening to a definition of what a door is, except when it isn't a door. I really can't comment one way or the other? About the door or about the case? About the door. Your mentor didn't fill you in very well. He was supposed to do this part of it. No. A couple of comments that would be very brief. Number one, FOIA is supposed to be liberally construed. Understand? Part and parcel. The Ingebrigtsen case specifically held, our analysis of these provisions leads us to conclude that for purposes of compensation, state's attorneys are not subject to the provisions of the executive article. Ingebrigtsen made it very, very clear that under the circumstances, this case was only related to compensation issues. Now, there are other cases that cite Ingebrigtsen for the proposition that state's attorneys are part of the executive branch. Why can't we then say for purposes of FOIA, the state's attorneys are not included? I mean, why can't we say that? Because the section... Without calling them non-judicial officers. The section of the Constitution, section 19, talked about salaries and selection. And it made it very clear that FOIA, again, is not included. And Ingebrigtsen made it clear that they will have the opportunity to simply look at what's in the Constitution as it relates to their decision. And they simply found that we're not going to look at salary on the executive component because it's clear within the judicial article. So under the circumstances, I think we're very limited on what can be considered. FOIA requires that we go beyond that and look at these other issues in terms of judicial function and whether you have accountability to the chief judge. So you're saying an act trumps the Constitution? A statute trumps the Constitution? No. No, I'm saying under Ingebrigtsen what they say is that the Constitution trumps it all, of course. Right. And because we're talking about, in Ingebrigtsen, a compensation issue or salary issue, the Constitution trumps. Now, in this case, we're talking about FOIA, which is a statutory creation not included in section 19. And as a result, we don't go to that umbrella of the Constitution. We look at the other side of the settlement, Newman and Brown, as well as the Copley case. So under the circumstances, I honestly believe that what should happen is that the case should be returned for purposes of an in-camera review by the trial court. And whatever happens from that happens from that. Thank you. Thank you very much. The case will be taken under advisement. If there's another case in the fall, there will be a short recess.  Thank you.